1 | Toan B. Chung, SBN 276505
**ROQUEMORE, PRINGLE & MOORE, INC.**
2 | 6055 E. Washington Blvd., Suite 500
Los Angeles, CA 90040-2466
3 | Tel No. (323) 724-3117
Fax No. (323) 724-5410
4 | tbchung@rpmlaw.com
5 |
(Proposed) Attorney for John P. Pringle,
6 | Chapter 7 Trustee
7 |
8 |                **UNITED STATES BANKRUPTCY COURT**
9 |        **CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION**
10 |
11 | In re                                    Case No. 6:18-bk-19174-SC
12 | CECIL JERRY EDENS JR.
                                           Chapter 7
13 |
14 |              Debtor.               **CHAPTER 7 TRUSTEE'S OPPOSITION
                                        TO THE BANK OF NEW YORK
15 |                                     MELLON'S MOTION FOR RELIEF
                                        FROM THE AUTOMATIC STAY;
16 |                                     MEMORANDUM OF POINTS AND
                                        AUTHORITIES; DECLARATION IN
17 |                                     SUPPORT THEREOF**

18 |                                     Date:      January 8, 2019
                                        Time:      10:00 a.m.
19 |                                     Place:     U.S. Bankruptcy Court
                                                   Video Hearing Room 126
20 |                                                3420 Twelfth Street
                                                   Riverside, CA 92501-3801
21 |
22 | **TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY**
23 | **JUDGE, THE MOVANT, THE DEBTOR AND OTHER PARTIES IN INTEREST:**
24 |     John P. Pringle, the duly appointed and acting Chapter 7 trustee (the "Trustee") of the
25 | bankruptcy estate (the "Estate") of the above-captioned debtor Cecil Jerry Edens Jr. hereby
26 |
27 | opposes the Motion for Relief from the Automatic Stay (the "Motion") filed on December 10,
28 | 2010 by the Bank of New York Mellon (the "Movant") as ECF Docket No. 29. Per its Motion,

the Movant seeks to "foreclose upon and obtain possession of the Property" located at 45251 Saint

Tisbury Street, Temecula, CA 92592 (the "Real Property"). See Motion, pg. 5, ¶ 2.

The basis of the Trustee's Opposition (the "Opposition") is that the Estate and its body of

creditors would be highly prejudiced if the Motion is granted at this juncture. Per his Schedule

A/B, the Debtor listed a value $575,000.00 on the Real Property. See Exhibit "1", Schedule A/B.

The Debtor's Schedule D reflected a singular secured claim of $645,000.00 against the Real

Property in favor of "Mr. Cooper". See Exhibit "2", Schedule D.

This does not appear to be correct. Per the Motion, the total amount owed is only

$616,612.46. See Motion, pg. 8, ¶ 11(e). Further, the Trustee is advised by his realtor that the

Real Property has a fair market value of approximately $610,000.00 and is a good candidate for a

short sale. See attached Declaration of John P. Pringle.

Based on the apparent simultaneous (1) undervaluation of the Real Property and (2)

inflated secured claim listed by the Debtor, coupled with the Real Property being a good candidate

for a short sale, the Trustee expects the liquidation of the Real Property to provide for a source of

funds in which creditors, including the Movant, can be paid. As such, granting the Motion, at this

juncture before the Real Property can be sold, would substantially interfere with the orderly

liquidation of the Real Property to the detriment of the Estate and its body of creditors.

The Real Property should be administered by the Trustee for the benefits of all creditors,

including the Movant, and thereby fulfilling the important bankruptcy policies of preserving the

Debtor's assets and the orderly liquidation of same. The Opposition is based on the attached

Memorandum of Points and Authorities and Declaration in support thereof. The Opposition is

made pursuant to all authorities cited herein.

Pursuant to Loc. Bankr. Rule 9013-1(f), any reply to the Opposition must be in writing,

filed with the Clerk of the United States Bankruptcy Court, and served upon the Trustee's counsel,

1  whose address appears in the upper left corner of the first page of this Opposition, no later than

2  seven (7) days prior to the above-scheduled hearing date.  Pursuant to Loc. Bankr. R. 9013-1(h),

3  failure to timely file and serve a responsive pleading may be deemed to constitute consent to the

4  instant request herein.  Copies of all pleadings in the Debtor's Bankruptcy Case may be obtained

5  from the Clerk's Office.

6

7

8                                              Respectfully submitted,

9

10  DATED: December 21, 2018               **ROQUEMORE, PRINGLE & MOORE, INC.**

11

12                                          By:_____
                                              Toan B. Chung, Esq.
13                                            (Proposed) Attorney for John P. Pringle,
                                              Chapter 7 Trustee
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  FACTUAL BACKGROUND

1.      Cecil Jerry Edens Jr. (the "Debtor") filed his Voluntary Petition under Chapter 7 of Title 11 in this case on October 29, 2018 (the "Petition Date").  John P. Pringle is the duly appointed and acting Chapter 7 Trustee (the "Trustee").

2.      Amongst the property subject to administration by the Trustee for the benefit of the Estate and its creditors is the parcel of real property located at 45251 Saint Tisbury Street, Temecula, CA 92592 (the "Real Property").  The Debtor valued the Real Property at $575,000.00 A true and correct copy of the Debtor's Schedule A/B reflecting same is attached hereto and incorporated herein as **Exhibit "1"**.

3.      The Debtor does not claim any exemption on the Real Property.  A true and correct copy of the Debtor's Schedule C reflecting same is attached hereto and incorporated herein as **Exhibit "2"**.

4.      The Debtor's Schedule D reflected a singular secured claim of $645,000.00 against the Real Property in favor of "Mr. Cooper".   No other secured creditor is listed. A true and correct copy of the Debtor's Schedule C reflecting same is attached hereto and incorporated herein as **Exhibit "3"**.

5.      Based on the above, the Debtor represents to the Court and the Trustee that the Real Property is without any equity as the listed secured debt is greater than the listed value.

6.      On December 10, 2018, the Bank of New York Mellon (the "Movant") filed its Motion for Relief from the Automatic Stay (the "Motion") regarding the Real Property.  Per the Motion, the Movant is the only lienholder and the secured lien totals $616,612.46 (see Motion, pg. 8, ¶ 11(e)).

7.      The Trustee is advised by his realtor that the Real Property has a fair market value of approximately $610,000.00 and is a good candidate for a short sale. See attached Declaration of John P. Pringle.

8.      Based on the apparent simultaneous (1) undervaluation of the Real Property and (2) inflated secured claim listed by the Debtor, couples with the Real Property being a good candidate for a short sale, the Trustee expect the liquidation of the Real Property to provide for a source of funds in which creditors, including the Movant, can be paid. As such, granting the Motion, at this juncture before the Real Property can be sold, would substantially interfere with the orderly liquidation of the Real Property to the detriment of the Estate and its body of creditors.

9.      Consequently, the Trustee is compelled to file this Opposition. The Real Property should be administered by the Trustee for the benefits of all creditors, including the Movant, and thereby fulfilling the important bankruptcy policies of preserving the Debtor's assets and the orderly liquidation of same.

## II.      DISCUSSION

### THE ESTATE AND ITS BODY OF CREDITORS WOULD BE HIGHLY PREJUDICED IF THE MOTION IS GRANTED.

Under Title 11 of the United States Code, the Trustee has the statutory duty to "collect and reduced to money the property of the estate . . ." See 11 U.S.C. § 704(a)(1). Title 11 further provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." See 11 U.S.C. § 105 (a).

Here, the Estate and its body of creditors would be highly prejudiced if the Motion is granted at this juncture. Per his Schedule A/B, the Debtor listed a value $575,000.00 on the Real Property. See Exhibit "1", Schedule A/B. The Debtor's Schedule D reflected a singular secured claim of $645,000.00 against the Real Property in favor of "Mr. Cooper". See Exhibit "2",

1   Schedule D.

2        This does not appear to be correct.   Per the Motion, the total amount owed is only

3   $616,612.46.  See Motion, pg. 8, ¶ 11(e).  Further, the Trustee is advised by his realtor that the

4   Real Property has a fair market value of approximately $610,000.00 and is a good candidate for a

5   short sale.  See attached Declaration of John P. Pringle.

6        Based on the apparent simultaneous (1) undervaluation of the Real Property and (2)

7   inflated secured claim listed by the Debtor, couples with the Real Property being a good candidate

8   for a short sale, the Trustee expect the liquidation of the Real Property to provide for a source of

9   funds in which creditors, including the Movant, can be paid.  As such, granting the Motion, at this

10  juncture before the Real Property can be sold, would substantially interfere with the orderly

11  liquidation of the Real Property to the detriment of the Estate and its body of creditors.

12       The Real Property should be administered by the Trustee for the benefits of all creditors,

13  including the Movant, and thereby fulfilling the important bankruptcy policies of preserving the

14  Debtor's assets and the orderly liquidation of same.

### III.    **CONCLUSION**

**WHEREFORE**, the Chapter 7 Trustee prays for orders, as follows:

1.  That the Motion is denied in its entirety; and

2.  For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DATED: December 21, 2018          **ROQUEMORE, PRINGLE & MOORE, INC.**


By: _____
     Toan B. Chung, Esq.
     (Proposed) Attorney for John P. Pringle,
     Chapter 7 Trustee

## DECLARATION OF THE TRUSTEE

I, John P. Pringle, declare and state as follows:

1.      I am the duly appointed and acting Chapter 7 Trustee (the "Trustee") of the bankruptcy estate (the "Estate") of the above-captioned debtor Cecil Jerry Edens Jr. (the "Debtor"). I am an individual above the age of 18 years. I have personal knowledge of all the facts set forth in this Declaration. I could and would competently testify thereto if so called as a witness, except where matters are stated on information and belief, in which case I am informed and believe that the facts so stated are true and correct.

2.      The Debtor filed his Voluntary Petition under Chapter 7 of Title 11 in this case on October 29, 2018 (the "Petition Date"). Amongst the property subject to administration by the Trustee for the benefit of the Estate and its creditors is the parcel of real property located at 45251 Saint Tisbury Street, Temecula, CA 92592 (the "Real Property"). The Debtor valued the Real Property at $575,000.00. A true and correct copy of the Debtor's Schedule A/B reflecting same is attached hereto and incorporated herein as **Exhibit "1"**.

3.      The Debtor does not claim any exemption on the Real Property. A true and correct copy of the Debtor's Schedule C reflecting same is attached hereto and incorporated herein as **Exhibit "2"**.

4.      The Debtor's Schedule D reflected a singular secured claim of $645,000.00 against the Real Property in favor of "Mr. Cooper". No other secured creditor is listed. A true and correct copy of the Debtor's Schedule C reflecting same is attached hereto and incorporated herein as **Exhibit "3"**.

5.      Based on the above, the Debtor represents to the Court and me that the Real Property is without any equity as the listed secured debt is greater than the listed value.

6.    On December 10, 2018, the Bank of New York Mellon (the "Movant") filed its Motion for Relief from the Automatic Stay (the "Motion") regarding the Real Property. Per the Motion, the Movant is the only lienholder and the secured lien totals $616,612.46 (see Motion, pg. 8, ¶ 11(e)).

7.    I am advised by my realtor, Deborah Priebe, that the Real Property has a fair market value of approximately $610,000.00 and is a good candidate for a short sale.

8.    Based on the apparent simultaneous (1) undervaluation of the Real Property and (2) inflated secured claim listed by the Debtor, couples with the Real Property being a good candidate for a short sale, I expect the liquidation of the Real Property to provide for a source of funds in which creditors, including the Movant, can be paid. As such, granting the Motion, at this juncture before the Real Property can be sold, would substantially interfere with the orderly liquidation of the Real Property to the detriment of the Estate and its body of creditors.

I declare under penalty of perjury that the foregoing is true and correct on this 21st day of December, 2018 at Los Angeles, California.

John P. Pringle,
Chapter 7 Trustee

Exhibit "1"

Fill in this information to identify your case and this filing

| Debtor 1 | Cecil | | Edens | |
| | First Name | Middle Name | Last Name | |

Debtor 2
(Spouse, if filing) First Name    Middle Name    Last Name

United States Bankruptcy Court for the: Central District of California

Case number _____

☐ Check if this is an amended filing

## Official Form 106A/B

# Schedule A/B: Property

12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

☐ No. Go to Part 2.
☑ Yes. Where is the property?

**1.1.**

45251 Saint Tisbury Street
Street address, if available, or other description

Temecula         CA      92592
City              State   ZIP Code

Riverside
County

**What is the property?** Check all that apply.
☑ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☑ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
| $  575,000.00 | $  575,000.00 |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

_____

☑ Check if this is community property (see instructions)

If you own or have more than one, list here:

**1.2.**

_____
Street address, if available, or other description

_____

_____
City              State   ZIP Code

_____
County

**What is the property?** Check all that apply.
☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Other information you wish to add about this item, such as local property identification number: _____

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
| $_____ | $_____ |

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.

_____

☐ Check if this is community property (see instructions)

Official Form 106A/B            Schedule A/B: Property            page 1

**1.3.** _____

Street address, if available, or other description

_____

_____

City                State      ZIP Code

_____

County

**What is the property?** Check all that apply.

☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $_____ | $_____ |

**Describe the nature of your ownership interest** (such as fee simple, tenancy by the entireties, or a life estate), if known.

_____

☐ Check if this is community property (see instructions)

Other information you wish to add about this item, such as local property identification number: _____

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here. ..................................... → $        575,000.00

---

## Part 2:   Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
☑ Yes

| **3.1.** | Make: | Toyota |
|---|---|---|
| | Model: | Highlander |
| | Year: | 2018 |
| | Approximate mileage: | 4300 |

Other information:

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☑ At least one of the debtors and another

☑ Check if this is community property (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $        32,000.00 | $        32,000.00 |

If you own or have more than one, describe here:

| **3.2.** | Make: | Toyota |
|---|---|---|
| | Model: | Rav4 |
| | Year: | 2016 |
| | Approximate mileage: | 25000 |

Other information:

**Who has an interest in the property?** Check one.

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☑ At least one of the debtors and another

☑ Check if this is community property (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $        25,000.00 | $        25,000.00 |

---

Official Form 106A/B                    Schedule A/B: Property                    page 2

10

**3.3.** Make:    _____

Model:    _____

Year:    _____

Approximate mileage:    _____

Other information:

**Who has an interest in the property?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ Check if this is community property (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $_____ | $_____ |

**3.4.** Make:    _____

Model:    _____

Year:    _____

Approximate mileage:    _____

Other information:

**Who has an interest in the property?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ Check if this is community property (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $_____ | $_____ |

**4.** Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories

*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☑ No

☐ Yes

**4.1.** Make:    _____

Model:    _____

Year:    _____

Other information:

**Who has an interest in the property?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ Check if this is community property (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $_____ | $_____ |

If you own or have more than one, list here:

**4.2.** Make:    _____

Model:    _____

Year:    _____

Other information:

**Who has an interest in the property?** Check one.

☐ Debtor 1 only

☐ Debtor 2 only

☐ Debtor 1 and Debtor 2 only

☐ At least one of the debtors and another

☐ Check if this is community property (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

| Current value of the entire property? | Current value of the portion you own? |
|---|---|
| $_____ | $_____ |

**5.** Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here ........................................ →

$    57,000.00

**Part 3:**    **Describe Your Personal and Household Items**

Do you own or have any legal or equitable interest in any of the following items?

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

6. Household goods and furnishings
   *Examples:* Major appliances, furniture, linens, china, kitchenware
   ☐ No
   ☑ Yes. Describe.........
   $ _____ 1,000.00

7. Electronics
   *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
   ☐ No
   ☑ Yes. Describe..........
   $ _____ 500.00

8. Collectibles of value
   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
   ☑ No
   ☐ Yes. Describe.........
   $ _____

9. Equipment for sports and hobbies
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
   ☑ No
   ☐ Yes. Describe.........
   $ _____

10. Firearms
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
    ☑ No
    ☐ Yes. Describe.........
    $ _____

11. Clothes
    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
    ☐ No
    ☑ Yes. Describe.........
    $ _____ 500.00

12. Jewelry
    Examples: Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
    ☐ No
    ☑ Yes. Describe..........wedding rings
    $ _____ 500.00

13. Non-farm animals
    *Examples:* Dogs, cats, birds, horses
    ☑ No
    ☐ Yes. Describe.........
    $ _____

14. Any other personal and household items you did not already list, including any health aids you did not list
    ☑ No
    ☐ Yes. Give specific information. .............
    $ _____

15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here .............................................. →
    $ _____ 2,500.00



| **Part 4:** | **Describe Your Financial Assets** |

Do you own or have any legal or equitable interest in any of the following?

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**16. Cash**

*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☑ No
☐ Yes...................................................................................................................................    Cash: ...................... $_____

**17. Deposits of money**

*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No
☑ Yes....................

Institution name:

| | | |
|---|---|---|
| 17.1. Checking account: | Chase | $_____2,400.00 |
| 17.2. Checking account: | Chase | $_____30.00 |
| 17.3. Savings account: | | $_____ |
| 17.4. Savings account: | | $_____ |
| 17.5. Certificates of deposit: | | $_____ |
| 17.6. Other financial account: | | $_____ |
| 17.7. Other financial account: | | $_____ |
| 17.8. Other financial account: | | $_____ |
| 17.9. Other financial account: | | $_____ |

**18. Bonds, mutual funds, or publicly traded stocks**

*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

☐ No
☑ Yes.................

Institution or issuer name:

| | |
|---|---|
| Fidelity | $_____650.00 |
| | $_____ |
| | $_____ |

**19. Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

☑ No
☐ Yes. Give specific information about them........................

| Name of entity: | % of ownership: | |
|---|---|---|
| | _____% | $_____ |
| | _____% | $_____ |
| | _____% | $_____ |

12

**20. Government and corporate bonds and other negotiable and non-negotiable instruments**

*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.

*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

☑ No

☐ Yes. Give specific     Issuer name:
information about
them.....................

| | | | |
|---|---|---|---|
| | _____ | _____ | $_____ |
| | _____ | _____ | $_____ |
| | _____ | _____ | $_____ |

**21. Retirement or pension accounts**

*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☑ No

☐ Yes. List each     Type of account:     Institution name:
   account separately.

| | | |
|---|---|---|
| 401(k) or similar plan: | _____ | $_____ |
| Pension plan: | _____ | $_____ |
| IRA: | _____ | $_____ |
| Retirement account: | _____ | $_____ |
| Keogh: | _____ | $_____ |
| Additional account: | _____ | $_____ |
| Additional account: | _____ | $_____ |

**22. Security deposits and prepayments**

Your share of all unused deposits you have made so that you may continue service or use from a company

*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others

☑ No

☐ Yes.........................     Institution name or individual:

| | | |
|---|---|---|
| Electric: | _____ | $_____ |
| Gas: | _____ | $_____ |
| Heating oil: | _____ | $_____ |
| Security deposit on rental unit: | _____ | $_____ |
| Prepaid rent: | _____ | $_____ |
| Telephone: | _____ | $_____ |
| Water: | _____ | $_____ |
| Rented furniture: | _____ | $_____ |
| Other: | _____ | $_____ |

**23. Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

☑ No

☐ Yes.........................     Issuer name and description:

| | | |
|---|---|---|
| | _____ | $_____ |
| | _____ | $_____ |
| | _____ | $_____ |

14

**24.** **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

☑ No
☐ Yes ................................. Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

| | $ |
|---|---|
| | $ |
| | $ |

**25.** **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

☑ No
☐ Yes. Give specific
information about them....       $_____

**26.** **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

☑ No
☐ Yes. Give specific
information about them....       $_____

**27.** **Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

☑ No
☐ Yes. Give specific
information about them....       $_____

**Money or property owed to you?**

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

**28.** **Tax refunds owed to you**

☑ No
☐ Yes. Give specific information
about them, including whether
you already filed the returns
and the tax years. ......................

| | |
|---|---|
| Federal: | $_____ |
| State: | $_____ |
| Local: | $_____ |

**29.** **Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

☑ No
☐ Yes. Give specific information...........

| | |
|---|---|
| Alimony: | $_____ |
| Maintenance: | $_____ |
| Support: | $_____ |
| Divorce settlement: | $_____ |
| Property settlement: | $_____ |

**30.** **Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation,
Social Security benefits; unpaid loans you made to someone else

☑ No
☐ Yes. Give specific information...............        $_____

15

**31. Interests in insurance policies**

*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☑ No

☐ Yes. Name the insurance company
of each policy and list its value. ...

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| | | $_____ |
| | | $_____ |
| | | $_____ |

**32. Any interest in property that is due you from someone who has died**

If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

☑ No

☐ Yes. Give specific information.............

$_____

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**

*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

☑ No

☐ Yes. Describe each claim.................

$_____

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

☑ No

☐ Yes. Describe each claim. ..................

$_____

**35. Any financial assets you did not already list**

☑ No

☐ Yes. Give specific information............

$_____

**36.** Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here ................................................... ➔

$    3,080.00

---

**Part 5:**    **Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.**

**37.** Do you own or have any legal or equitable interest in any business-related property?

☑ No. Go to Part 6.

☐ Yes. Go to line 38.

Current value of the
portion you own?
Do not deduct secured claims
or exemptions.

**38. Accounts receivable or commissions you already earned**

☐ No

☐ Yes. Describe........

$_____

**39. Office equipment, furnishings, and supplies**

*Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices

☐ No

☐ Yes. Describe........

$_____

---

Official Form 106A/B        Schedule A/B: Property        page 8

*16*

40. Machinery, fixtures, equipment, supplies you use in business, and tools of your trade
- ☐ No
- ☐ Yes. Describe...... _____ $_____

41. Inventory
- ☐ No
- ☐ Yes. Describe...... _____ $_____

42. Interests in partnerships or joint ventures
- ☐ No
- ☐ Yes. Describe......

Name of entity:                                            % of ownership:

_____    ___%    $_____
_____    ___%    $_____
_____    ___%    $_____

43. Customer lists, mailing lists, or other compilations
- ☐ No
- ☐ Yes. Do your lists include personally identifiable information (as defined in 11 U.S.C. § 101(41A))?
  - ☐ No
  - ☐ Yes. Describe........ _____ $_____

44. Any business-related property you did not already list
- ☐ No
- ☐ Yes. Give specific
  information .........    _____    $_____
                          _____    $_____
                          _____    $_____
                          _____    $_____
                          _____    $_____
                          _____    $_____

45. Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached
    for Part 5. Write that number here ...................................................................  →  $_____

**Part 6:    Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.**
If you own or have an interest in farmland, list it in Part 1.

46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?
- ☑ No. Go to Part 7.
- ☐ Yes. Go to line 47.

Current value of the
portion you own?
Do not deduct secured claims
or exemptions.

47. Farm animals
*Examples*: Livestock, poultry, farm-raised fish
- ☑ No
- ☐ Yes................. _____ $_____

**48. Crops—either growing or harvested**

☐ No
☐ Yes. Give specific information............ $ _____

**49. Farm and fishing equipment, implements, machinery, fixtures, and tools of trade**

☐ No
☐ Yes.................................... $ _____

**50. Farm and fishing supplies, chemicals, and feed**

☐ No
☐ Yes.................................... $ _____

**51. Any farm- and commercial fishing-related property you did not already list**

☐ No
☐ Yes. Give specific information............ $ _____

**52. Add the dollar value of all of your entries from Part 6, including any entries for pages you have attached for Part 6. Write that number here** .................. → $ _____

---

**Part 7:**   **Describe All Property You Own or Have an Interest in That You Did Not List Above**

**53. Do you have other property of any kind you did not already list?**

*Examples:* Season tickets, country club membership

☑ No
☐ Yes. Give specific information.............
$ _____
$ _____
$ _____

**54. Add the dollar value of all of your entries from Part 7. Write that number here** .................. → $ _____

---

**Part 8:**   **List the Totals of Each Part of this Form**

**55. Part 1: Total real estate, line 2** .................................................. → $ _____575,000.00

**56. Part 2: Total vehicles, line 5**    $ _____57,000.00

**57. Part 3: Total personal and household items, line 15**    $ _____2,500.00

**58. Part 4: Total financial assets, line 36**    $ _____3,080.00

**59. Part 5: Total business-related property, line 45**    $ _____

**60. Part 6: Total farm- and fishing-related property, line 52**    $ _____

**61. Part 7: Total other property not listed, line 54**    + $ _____

**62. Total personal property. Add lines 56 through 61.** .................. $ _____62,562,580.00   Copy personal property total → + $ _____62,562,580.00

**63. Total of all property on Schedule A/B. Add line 55 + line 62.** ...................................... $ _____637,580.00

# Exhibit "2"

Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | Cecil | Edens |
| | First Name       Middle Name | Last Name |
| Debtor 2 | | |
| (Spouse, if filing) First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: **Central District of California**

Case number _____
(if known)

☐ Check if this is an
amended filing

**Official Form 106C**

# Schedule C: The Property You Claim as Exempt

4/16

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

For each item of property you claim as exempt, you must specify the amount of the exemption you claim. One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

## Part 1:   Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*

   ☑ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)
   ☐ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on** *Schedule A/B* **that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own Copy the value from *Schedule A/B* | Amount of the exemption you claim *Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description: Household Goods<br>Line from *Schedule A/B*: 6 | $1,000.00 | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | |
| Brief description: Electronics<br>Line from *Schedule A/B*: 7 | $500.00 | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | |
| Brief description: Clothes/Jewelry<br>Line from *Schedule A/B*: 11 | $1,000.00 | ☐ $ _____<br>☑ 100% of fair market value, up to any applicable statutory limit | |

3. **Are you claiming a homestead exemption of more than $160,375?**
   (Subject to adjustment on 4/01/19 and every 3 years after that for cases filed on or after the date of adjustment.)

   ☐ No
   ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?
   ☐ No
   ☐ Yes

*19*

Exhibit "3"

Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | Cecil | Edens |
| | First Name Middle Name | Last Name |
| Debtor 2 | | |
| (Spouse, if filing) | First Name Middle Name | Last Name |

United States Bankruptcy Court for the: Central District of California

Case number _____
(if known)

☐ Check if this is an
amended filing

## Official Form 106D

# Schedule D: Creditors Who Have Claims Secured by Property          12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the Additional Page, fill it out, number the entries, and attach it to this form. On the top of any additional pages, write your name and case number (if known).

1. **Do any creditors have claims secured by your property?**
   ☐ No. Check this box and submit this form to the court with your other schedules. You have nothing else to report on this form.
   ☑ Yes. Fill in all of the information below.

### Part 1:   List All Secured Claims

2. **List all secured claims.** If a creditor has more than one secured claim, list the creditor separately for each claim. If more than one creditor has a particular claim, list the other creditors in Part 2. As much as possible, list the claims in alphabetical order according to the creditor's name.

| | Column A<br>Amount of claim<br>Do not deduct the value of collateral. | Column B<br>Value of collateral that supports this claim | Column C<br>Unsecured portion<br>If any |
|---|---|---|---|

**2.1** Mr. Cooper
Creditor's Name

8950 Cypress Waters Blvd
Number          Street

Coppel                     TX    75019
City                            State    ZIP Code

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☑ At least one of the debtors and another

☐ Check if this claim relates to a
community debt

Date debt was incurred   12/01/2004

**Describe the property that secures the claim:**
45251 Saint Tisbury Street
Temecula CA 92592

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.
☑ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Last 4 digits of account number   9   8   0

$ 645,000.00     $ 575,000.00     $ 70,000.00

**2.2** _____
Creditor's Name

_____
Number          Street

_____
City                            State    ZIP Code

**Who owes the debt?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ Check if this claim relates to a
community debt

Date debt was incurred   _____

**Describe the property that secures the claim:**
_____

**As of the date you file, the claim is:** Check all that apply.
☐ Contingent
☐ Unliquidated
☐ Disputed

**Nature of lien.** Check all that apply.
☐ An agreement you made (such as mortgage or secured car loan)
☐ Statutory lien (such as tax lien, mechanic's lien)
☐ Judgment lien from a lawsuit
☐ Other (including a right to offset) _____

Last 4 digits of account number

$_____     $_____     $_____

Add the dollar value of your entries in Column A on this page. Write that number here:     $_____

20

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
6055 E. Washington Blvd., Suite 500, Los Angeles, CA 90040

A true and correct copy of the foregoing document entitled (*specify*): **Chapter 7 Trustee's Opposition to the Bank of New York Mellon's Motions for Relief from the Automatic Stay; Memorandum of Points and Authorities; Declaration in Support Thereof** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 21, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- John P Pringle (TR)    brenfro@rpmlaw.com, jpp@trustesolutions.net
- Edward A Treder    cdcaecf@bdfgroup.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov
- Darlene C Vigil    cdcaecf@bdfgroup.com
- Joseph A West    westjoseph@earthlink.net

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **December 21, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor: Cecil Jerry Edens, Jr., 45251 Saint Tisbury St., Temecula, CA 92592

Honorable Scott C. Clarkson, U.S. Bankruptcy Court, 411 W. Fourth Street, Suite 5130, Santa Ana, CA 92701

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| December 21, 2018 | ELSA PEREZ | |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                         F 9013-3.1.PROOF.SERVICE

21